# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3743

_____

| | | |
|---|---|---|
| Judy Neal, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Faith A. Fields, individually and in her | * | Eastern District of Arkansas. |
| official capacity as Executive Director | * | |
| of the Arkansas State Board of | * | |
| Nursing, et al., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: May 13, 2005
Filed: December 1, 2005

_____

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

Judy Neal is a registered nurse licensed by the State of Arkansas. In January 2003, Neal's former employer filed a complaint against her with the Arkansas State Board of Nursing (the "Board"), the state licensing agency. See Ark. Code Ann. § 17-87-203. Consistent with its practice, the Board disclosed to an inquiring prospective employer that Neal's license was "red flagged" because she was under investigation, without disclosing the nature of the allegations being investigated. Neal commenced this action under 42 U.S.C. § 1983 against the members of the Board and its executive

officials, claiming that the disclosure of an ongoing investigation to potential employers, coupled with the Board's failure to hold a prompt name-clearing hearing, violated her procedural and substantive due process rights. The district court[1] dismissed the complaint for failure to state a claim. Neal appeals. Concluding that she has suffered no deprivation of a constitutionally protected property or liberty interest as a matter of law, we affirm.

We review the grant of a motion to dismiss de novo, taking the facts alleged in the complaint as true. Carter v. Arkansas, 392 F.3d 965, 968 (8th Cir. 2004). The complaint alleged that Neal learned of the investigation in January 2003 when the prospective employer declined to hire her. In February 2003, she informally advised the Board that the former employer's allegations were false. Neal alleges that the Board knows its practice of advising prospective employers of the existence of an investigation "hindered her in pursuing her chosen occupation of nursing," yet the Board has neither held a hearing nor taken disciplinary action against Neal because of its "custom and practice of extending investigations for over a year." The complaint acknowledges that Neal continues to be a licensed registered nurse. She seeks compensatory damages against three Board officials and an injunction ordering defendants not to disclose that she is under investigation until she has been given a hearing and been found to have violated the Board's rules and regulations.

The district court concluded that Neal's complaint failed to state a claim because the Board disclosed only the existence of an investigation, not any potentially stigmatizing allegations, and because Neal still holds her nursing license so she has not been deprived of a property right. On appeal, Neal argues that the Board's actions violated both her substantive and procedural due process rights. The substantive due process claim is without merit because the defendants' conduct does not come close

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

-2-

to meeting the Supreme Court's rigorous "shocks the conscience" substantive due process standard.  See, e.g., Terrell v. Larson, 396 F.3d 975, 980-81 (8th Cir. 2005) (en banc).  The procedural due process claim requires closer analysis.

The Fourteenth Amendment guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  The procedural component of the Due Process Clause protects property interests created not by the Constitution but by "rules or understandings that stem from an independent source such as state law."  Town of Castle Rock v. Gonzales, 125 S.Ct. 2796, 2803 (2005) (quotation omitted).  In this case, defendants concede that an Arkansas nursing license confers a property interest that is entitled to procedural due process protection.  See, e.g., Barry v. Barchi, 443 U.S. 55 (1979).

However, Neal's complaint fails to allege a *deprivation* of her constitutionally protected property interest.  Her license has not been suspended, as was the horse trainer's license in Barry v. Barchi.  Thus, her right to practice nursing in Arkansas remains intact.  She alleges that the Board's disclosure of a pending investigation casts an injurious cloud on her fitness as a nurse, making her less employable.  But Arkansas law does not grant nurses a property right to practice nursing free of the licensing agency's regulation.  The licensing statute expressly provides for suspension and revocation, see Ark. Code Ann. § 17-87-309, actions that are invariably preceded by a Board investigation.  Under state law, the Arkansas Administrative Procedure Act ("APA") will apply if the Board takes action to suspend or revoke Neal's licence.  See Ark. Code Ann. § 17-87-309(c).  In that event, the APA provides a statutory right to notice, "an opportunity to show compliance with all lawful requirements for the retention of the license," Ark. Code Ann. § 25-15-211(c), and the right to judicial review of an adverse agency action, § 25-15-212(a).  The APA further provides that Neal may sue to compel a hearing if the Board  "unlawfully, unreasonably, or capriciously"  refuses to act or is guilty of unreasonable delay.  Ark. Code Ann. § 25-15-214.  Neal has not petitioned the state courts to remedy the alleged delay, nor has

she challenged in state court the Board's assertion that the Arkansas Freedom of Information Act mandates its disclosure policy.

Given the nature of the regulatory process and the public policy reflected in the Arkansas Freedom of Information Act, Ark. Code Ann. tit. 25, ch. 19, licensees can reasonably expect that the fact of an on-going investigation will become public knowledge or even be affirmatively disclosed. Neal cites no authority for the proposition that adverse inferences third parties draw from the fact of on-going regulatory actions constitute the deprivation of a licensee's property interest that gives rise to a federal constitutional right to an immediate due process hearing. The proposition would frustrate and delay the good faith actions of state and federal regulators in countless regulatory situations. We reject it as a matter of law.

Alternatively, Neal argues that she has been deprived of the liberty interest procedural due process protects because the Board's actions inflict "a stigma or other disability" that forecloses other employment opportunities. Board of Regents v. Roth, 408 U.S. 564, 573 (1972). Injury to reputation alone is not a liberty interest protected under the Fourteenth Amendment. Siegert v. Gilley, 500 U.S. 226, 233-34 (1991). Accordingly, we have limited this claim to cases in which a public employer terminated an employee and published reasons for the discharge that seriously damaged the employee's standing in the community or foreclosed other employment opportunities. See Putnam v. Keller, 332 F.3d 541, 546 (8th Cir. 2003); Speer v. City of Wynne, 276 F.3d 980, 984 (8th Cir. 2002); accord Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1153-54 (10th Cir. 2001). We further limit this claim to government accusations "so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." Allen v. City of Pocahontas, 340 F.3d 551, 556 (8th Cir. 2003) (quotation omitted), cert. denied, 540 U.S. 1182 (2004); see Mercer v. City of Cedar Rapids, 308 F.3d 840, 845 (8th Cir. 2002) (allegations of "dishonesty, immorality, criminality, racism, and the like") (quotation omitted). Here, Neal is not a terminated public employee, nor has she suffered the

arguably analogous injury of license revocation. The Board has disclosed only the fact of an investigation, not the allegations being investigated (whether sufficiently stigmatizing or not). Thus, the complaint fails to state a procedural due process liberty interest claim as a matter of law.

The judgment of the district court is affirmed.

_____