# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1343

_____

Kansas City Taxi Cab Drivers Association, LLC; Gammachu Mixicha; Taddessee Erbetto

*Plaintiffs - Appellants*

v.

City of Kansas City, Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2013
Filed: December 19, 2013

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Ordinance section 76-73 regulates the number of taxicab permits in Kansas City, Missouri. Gammachu Mixicha, Taddessee Erbetto, and Kansas City Taxi Cab Drivers Association, LLC ("Cab Drivers") sued the city to overturn the ordinance.

The district court[1] granted summary judgment to the City, finding the ordinance constitutional under both the Equal Protection and Due Process clauses. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A permit is required for a taxicab to pick up passengers in Kansas City, Missouri. **City of Kansas City, Mo., Code of Ordinances Sec. 76-70**. In 2005, with 554 outstanding permits, the City enacted section 76-73. It decreases the number of permits by attrition. Existing permits may be renewed. Additional permits are not issued until the number of permits drops below 500. (The number of permits has apparently dropped by seven to 547 between 2005 and the present.) The ordinance also establishes a minimum permit requirement for new applicants, who must apply for a bundle of at least ten permits. The Cab Drivers argue that these provisions entirely exclude entrants from the taxicab market. When the number of permits reaches 499, existing permit holders may apply for an additional permit. New applicants must wait until the number of permits reaches 490, because they must apply for ten permits at a time. The Cab Drivers contend that this disparate treatment of new applicants versus existing firms is not rationally related to a legitimate government interest. *Vacco v. Quill*, 521 U.S. 793, 799 (1997); *Lovell v. City of Griffin, Ga.*, 303 U.S. 444, 450 (1938) ("It is also well settled that municipal ordinances adopted under state authority constitute state action . . . .").

This court reviews de novo a grant of summary judgment. *Wenzel v. Missouri-Am. Water Co.*, 404 F.3d 1038, 1039 (8th Cir. 2005). "A rational basis that survives equal protection scrutiny also satisfies substantive due process analysis." *Executive Air Taxi Corp. v. City of Bismark, N.D.*, 518 F.3d 562, 569 (8th Cir. 2008). In areas of economic policy,

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. Where there are plausible reasons . . . our inquiry is at an end. This standard of review is a paradigm of judicial restraint.

*FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (1993) (internal citations and quotations omitted). "In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines . . . ." *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

The City's stated purpose for the ordinance was insufficient demand for taxicabs. The Cab Drivers argue that the renewal provision and minimum-permit requirement do not rationally relate to this purpose. However, this court is not bound to consider only the stated purpose of a legislature. *United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980); *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 240 (8th Cir. 1994). The district court identified other purposes: creating incentives to invest in infrastructure and increasing quality in the taxicab industry. The renewal provision and minimum-permit requirement are rationally related to these purposes. Existing firms may invest knowing the number of permits they will hold in the future. Low-quality single-cab firms are avoided. *See Greater Houston Small Taxicab Co. Owners Ass'n v. City of Houston, Tex.*, 660 F.3d 235, 240 (5th Cir. 2011) ("[T]he larger the taxi company, the more likely it is to offer a broader range of services that better serve consumer needs.").

While these provisions favor existing firms, they are constitutionally permissible. *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 468 (1981) ("The fact that the legislature in effect 'grandfathered' paperboard containers, at least temporarily, does not make the Act's ban on plastic nonreturnables arbitrary or irrational."); *Dukes*, 427 U.S. at 305 ("It is suggested that the 'grandfather provision,'

-3-

allowing the continued operation of some vendors was a totally arbitrary and irrational method of achieving the city's purpose. . . . [T]he city could rationally choose initially to eliminate vendors of more recent vintage."); *Red River Serv. Corp. v. City of Minot, N.D.*, 146 F.3d 583, 591 (8th Cir. 1998) ("The preference created for existing customers does no more than recognize and protect their reliance interest."); *National Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 239-40 (3d Cir. 2013):

> While Appellants contend that *Dukes* and *Clover Leaf Creamery* support their position because they upheld *temporary* grandfathering clauses, there was no indication in either case that the clauses upheld were indeed temporary, that the legislatures were obligated to rescind them in the future, or even that the supposedly temporal quality of the laws was the basis of the Court's holdings, other than a statement in passing in *Dukes* that the legislature had chosen to "initially" target only a particular class of products.

While rational basis review is not toothless, *Mathews v. Lucas*, 427 U.S. 495, 510 (1976), the authority cited by the Cab Drivers is not persuasive. Some cases are non-economic in nature. *E.g.*, *Romer v. Evans*, 517 U.S. 620, 635 (1996) (classification based on sexual orientation); *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 449-50 (1985) (classification of the mentally handicapped); *Reed v. Reed*, 404 U.S. 71, 76-77 (1971) (classification based on sex). Others involve classifications based on residency or cutoff dates. *E.g.*, *Williams v. Vermont*, 472 U.S. 14, 27 (1985) (residency classification for motor vehicle use tax); *Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612, 623 (1985) (residency requirements for veteran tax exemption); *Delaware River Basin Comm'n v. Bucks Cnty. Water & Sewer Auth.*, 641 F.2d 1087, 1090 (3d Cir. 1981) (classification based on date of interstate compact), *limited by* *National Collegiate Athletic Ass'n*, 730 F.3d at 240 n.18 ("Nor does our decision in *Delaware River Basin Commission* . . . support the notion that permanent grandfathering clauses are invalid . . . .").

The Cab Drivers cite *Craigmiles v. Giles*, 312 F.3d 220 (6th Cir. 2002). The court there struck down a statute requiring certification as a funeral director in order to sell caskets. This "naked attempt to raise a fortress protecting the monopoly rents that funeral directors extract from consumers" failed to satisfy even the "slight review required by rational basis review." *Id.* at 229. However, in the context of taxicab regulation, the Fifth Circuit stated:

> Moreover, even if the City is motivated in part by economic protectionism, there is no real dispute that promoting full-service taxi operations is a legitimate government purpose under the rational basis test. *Craigmiles* and other cases confirm that naked economic preferences are impermissible to the extent that they harm consumers. The record here provides no reason to believe that consumers will suffer harm under the Ordinance.

*Greater Houston Small Taxicab Co.*, 660 F.3d at 240. *See also St. Joseph Abbey v. Castille*, 712 F.3d 215, 222-23 (5th Cir. 2013) (affirming *Greater Houston Small Taxicab Co.* as to taxicabs, while following *Craigmiles* as to casket sales); *Powers v. Harris*, 379 F.3d 1208, 1223 (10th Cir. 2004) (refusing to apply *Craigmiles* to "a nearly identical" regulation of casket sales).

"[I]n the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." *Dukes*, 427 U.S. at 303-04. Section 76-73 is neither wholly arbitrary nor invidious. It is rationally related to a number of legitimate government purposes. The Cab Drivers bear the burden of negating "'*every conceivable basis* which might support' the classification at issue." *Barket*, 21 F.3d at 240 (quoting *FCC*, 508 U.S. at 315). They have not met this burden.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____