**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SPEED'S AUTO SERVICES GROUP, INC., DBA Towncar.com, an Oregon Corporation; FIESTA ENTERPRISES, LLC, DBA Fiesta Limousine, an Oregon Limited Liability Company, Plaintiffs-Appellants, v. CITY OF PORTLAND, OREGON, Defendant-Appellee. | No. 14-35608 D.C. No. 3:12-cv-00738-AC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted March 6, 2017
Portland, Oregon

Before: FISHER and FRIEDLAND, Circuit Judges, and MAHAN, District
Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

Speed's Auto Services Group and Fiesta Enterprises appeal the district court's entry of judgment for the City of Portland on their substantive due process and equal protection claims challenging certain wait time and minimum fare regulations imposed by the City. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Assuming without deciding the challenged regulations qualify as a "complete prohibition" under *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999), the plaintiffs' substantive due process claim fails because the City has offered a "conceivable basis" for the wait time and fare rules. *Id.* at 1031 (quoting *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1328 (9th Cir. 1985)). The City's conceivable rationales include the need to maintain a healthy transportation market and to ensure the operators of each type of for-hire transportation remain economically viable.

The plaintiffs contend these rationales are a pretext for the regulations' true purpose of pure economic protectionism, but "[i]n our substantive due process decisions regarding occupational liberty, we [have] not question[ed] whether the government's proffered justification was a pretext." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 999 n.8 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). We "merely look to see whether the government *could* have had a legitimate reason for

acting as it did." *Dittman*, 191 F.3d at 1031 (quoting *Halverson v. Skagit County*, 42 F.3d 1257, 1262 (9th Cir. 1995)). Because the City has offered conceivable, legitimate reasons for the regulations, the plaintiffs' substantive due process claim fails.

2. The plaintiffs' equal protection challenge to the minimum fare and wait time regulations also fails, because even assuming taxis and sedans are similarly situated for equal protection purposes, the regulations survive rational basis scrutiny. "[T]he classification at issue [here] does not involve fundamental rights or suspect classes, [so] it must be upheld 'if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1279 (9th Cir. 2004) (quoting *Heller v. Doe*, 509 U.S. 312, 319-20 (1993)). The plaintiffs bear the "'burden[, as] the one[s] attacking the legislative arrangement[,] to negative *every* conceivable basis which might support it.'" *Id.* at 1280 (emphasis added) (quoting *Heller*, 509 U.S. at 320).

Here, although the plaintiffs are correct that "mere economic protectionism for the sake of economic protectionism is irrational with respect to determining if a classification survives rational basis review," they have not adequately alleged that the wait time and fare rules, in fact, constituted "mere economic protectionism."

*Merrifield v. Lockyer*, 547 F.3d 978, 991 n.15 (9th Cir. 2008); *cf. Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 946 (9th Cir. 2004) ("[A]n equal protection plaintiff may [pursue an equal protection claim] by creating a triable issue of fact that either: (1) the proffered rational basis was objectively false; or (2) the defendant actually acted based on an improper motive."), *overruled on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). To the contrary, the regulations formed part of a complex regulatory framework that conferred certain benefits on the taxi industry but also imposed significant burdens – burdens not borne by other point-to-point transportation operators. Thus, viewed in context, the City's differential treatment of sedans and taxis here was not a "naked attempt to raise a fortress protecting [one subsection of an industry at the expense of another]." *Merrifield*, 547 F.3d at 992 (alteration in original) (quoting *Craigmiles v. Giles*, 312 F.3d 220, 229 (6th Cir. 2002)). Instead, it was rationally

related to the City's legitimate interest in maintaining a healthy and well-functioning transportation market.[1]  The equal protection claim therefore fails.

**AFFIRMED.**

---

[1] Several other circuits have rejected similar equal protection challenges on comparable reasoning.  *See, e.g.*, *Greater Hous. Small Taxicab Co. Owners Ass'n v. City of Houston, Tex.*, 660 F.3d 235, 240 (5th Cir. 2011) (upholding regulations that allegedly favored "full-service" taxi companies over companies providing more limited services because "there is no real dispute that promoting full-service taxi operations is a legitimate government purpose under the rational basis test"); *Exec. Town & Country Servs. v. City of Atlanta*, 789 F.3d 1523, 1527 n.8, 1528 (11th Cir. 1986) (upholding regulations that allegedly favored taxis over sedans because they were conceivably designed to maintain a healthy transportation market); *see also Kan. City Taxi Cab Drivers Ass'n, LLC v. City of Kansas City, Mo.*, 742 F.3d 807, 809-11 (8th Cir. 2013) (upholding laws that favored existing taxi companies over newly formed ones because they served the city's legitimate interests in maintaining a high quality taxi industry).